546 P.2d 365

**Lily Bell EVANS, an Individual, Appellant,**

**v.**

**Honorable Hyman COPINS, City Magistrate for the City of Tucson, and the City of Tucson, a Municipal Corporation, Appellees.**

**No. 2 CA–CIV 2052.**

Court of Appeals of Arizona, Division 2.

March 3, 1976.

Rehearing Denied March 30, 1976.

Review Denied April 20, 1976.

Charles R. Pyle, Tucson for appellant.

Lesher, Kimble, Rucker & Lindamood, P. C. by William E. Kimble, Tucson, for appellees.

## OPINION

HOWARD, Chief Judge.

Is a judicial officer cloaked with judicial immunity when he wrongfully incarcerates a person convicted of a traffic offense?

That is the issue to be resolved in this case.

Appellant appeared before the appellee city magistrate in connection with a traffic violation. She was not represented by counsel. After a bench trial appellee Copins found her guilty and sentenced her to pay a fine.

Appellant told the magistrate she could not pay a fine and stated she desired to appeal. She did not, however, file with the city court a written notice of appeal. The magistrate then revised her sentence to one day in jail instead of the fine. Appellant was immediately taken into custody and transported to the Pima County Jail where she served the sentence.

In her suit for false imprisonment and deprivation of civil rights, appellant alleged that the city magistrate acted willfully and maliciously or with wanton disregard for the law. The trial court granted appellees' motion for summary judgment based upon judicial immunity.

Since appellant was not represented by counsel and did not waive her right to counsel, it is clear that she could not be sentenced to a jail term. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). It is equally clear that a judicial officer is not liable in a civil action for acts done in his judicial capacity, however erroneous or by whatever motives prompted. *Davis v. Burris*, 51 Ariz. 220, 75 P.2d 689 (1938). This principle applies in civil rights actions under 42 U.S.C.A. Sec. 1983. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 8 L.Ed.2d 288 (1967).

In affirming this judgment we do not condone the actions of the city magistrate.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.